UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CALVIN L. SARVER, | ) |
| Petitioner, | ) |
| v. | ) No. 1:17-cv-00477-WTL-MJD |
| WARDEN, Plainfield Correctional Facility,[1] | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Calvin L. Sarver petitions for a writ of habeas corpus, challenging prison disciplinary proceeding number REF 16-04-0023. For the reasons explained in this Entry, Mr. Sarver's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied by the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985);

---

[1] Effective July 1, 2017, the official in charge of an Indiana penal facility or correctional institution holds the title "Warden" and is no longer titled a "Superintendent." Indiana Senate Enrolled Act 387, Pub. L. No. 67-2017, §§ 1–20, 2017 Ind. Acts 241, 241–52. The substitution of Warden for Superintendent is made in this action pursuant to *Fed. R. Civ. P.* 25(d). The **clerk is directed** to update the docket to reflect this substitution.

*Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On April 16, 2016, Indiana Department of Correction Officer George Edmonds, Jr., charged Mr. Sarver with the use and/or possession of a cell phone, a violation of the IDOC's Disciplinary Code for Adult Offenders, Appendix I, Section A-121. Officer Edmonds's conduct report provides:

> On 4/16/2016 at approximately 9:45 a.m. I (Officer George Edmond`s Jr.) received a napkin from an anonymous resident while sitting at the officer's desk. The Note stated "C1 Bathroom man using cell phone I Think right now." This writer investigated and observed resident Sarver Calvin #943684 sitting on the toilet with a white sheet hanging across in front of him. This writer gave an order to take the sheet down so I could pat search him. [R]esident stated "I just sat down" I officer Edmonds stood and waited but Sarver begin [sic] to prolong the wait. I Officer Edmonds asked Sarver did he have anything he wanted to give me. Sarver #9436684 [sic] stated "no", I Ofc. Edmonds ordered Sarver to stand up, then began to pat search him. Soon as I got to Sarver['s] right leg he reached and grabbed a black cell phone out of his sweat pants and fled into D1 Bathroom. Sarver reached his hand with the cell phone into the toilet and flushed once, then I Officer Edmonds gave him an Order to turn around and cuff up. As I radioed for 06 then radio for Officer Needs Assistances [sic] in Unit 8, Sarver flushed the toilet once again, then Sarver stood up and placed his hands behind his back. Officer Edmonds placed hand cuffs on resident Sarver #943684 and escorted him to the shift office. Once Sarver got to the shift office he admitted to this writer and Lt. J. White that he had a cell phone that he had taken from the refrigerator [sic] in the C1-D1 dayroom area.

Dkt. No. 13-1.

Mr. Sarver was notified of the charge on April 21, 2016, when he received the screening report and a copy of the conduct report. Dkt. No. 13-4. He pleaded not guilty, did not request witnesses, but asked for the photographs that were taken as evidence.

A hearing was held on April 28, 2016. Mr. Sarver made this statement at the hearing:

> I have no idea what this write up is talking about. Ofc. Edmonds came in the restroom and asked me to remove the sheet, which I did. He asked to pat me down.

> I stated "yes" after I'm done . . . . He patted me down and didn't find anything. He then told me to turn around and cuff up and took me to shift office.

Dkt. No. 13-6 (ellipses added). The hearing officer also considered a statement from Correctional Lt. James White:

> On 4-16-2016 at approx. 9:57a.m., Officer George Edmonds Jr. escorted resident Sarver, Calvin #943684 to the shift office. I was informed by Officer Edmonds that resident Sarver, Calvin #943684 had a cell phone in his procession [sic] and when he was being pat down he fled and flushed the cell phone down the toilet. This writer, Lieutenant James White, interviewed Sarver, Calvin #943684 who then admitted to this writer and officer Edmonds that he had a cell phone that he had taken from the refrigerate in the C1-D1 dayroom area.

Dkt. No. 13-2.

Taking into consideration the conduct report and Lt. White's statement, the hearing officer found Mr. Sarver guilty. Sanctions imposed included one-hundred-eighty days' earned credit time deprivation and a credit earning class demotion. Dkt. No. 13-6.

Mr. Sarver appealed to Facility Head and the IDOC Final Reviewing Authority; both appeals were denied. Dkt. Nos. 13-7, 13-8, 13-9, and 13-10. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.  Analysis**

Mr. Sarver challenges his disciplinary conviction for possession of the cell phone by first challenging the sufficiency of the evidence. Second, he argues he was denied exculpatory evidence when the napkin note was not produced at the hearing and the toilet plumbing trap was not checked for a phone. Other arguments presented in his petition, and answered by the Warden, concern a different disciplinary action, prison disciplinary case number REF 16-04-0024, that was severed on screening. Dkt. No. 6 (Entry limiting this action to REF 16-04-0023). The Court will not address the arguments challenging REF 16-04-0024.

### 1. Sufficiency of the Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

There is "some evidence" to support the hearing officer's decision. Officer Edmonds saw a black cell phone in Mr. Sarver's hand. Officer Edmonds and Lt. White both heard Mr. Sarver admit that he possessed a cell phone. This evidence alone is "some evidence" to support the hearing officer's decision. Additional evidence includes Officer Edmond's statement about receiving the note on a napkin from a confidential source, the circumstances in which Officer Edmond found Mr. Sarver in the toilet area, and Mr. Sarver's attempts to conceal his activities. Mr. Sarver's challenge to the sufficiency of the evidence is without merit.

### 2. Denial of Exculpatory Evidence

Mr. Sarver argues that the misplaced evidence – the missing napkin note – and the refusal to search the toilet trap joint for a phone deprived him of exculpatory evidence thus denying him due process. He also argues that the credibility of the "informant" who provided the note to Officer Edmonds was not established.

The record does not indicate that Mr. Sarver requested that the toilet trap be searched for a telephone prior to his disciplinary hearing. The screening report shows that Mr. Sarver requested only the photographs that were taken concerning the incident. Dkt. No. 13-4. He cannot complain for the first time on appeal or in habeas corpus that the toilet trap was not searched. A request is timely if it is made "either before or at the hearing." *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002). There is no evidence in the record that Mr. Sarver made a timely request, and he fails to argue that he did or point to a timely request in the record. This argument is without merit.

Officer Edmond's conduct report describing how he learned of Mr. Sarver's conduct is not framed as receiving notice from a confidential informant. Rather, Officer Edmond wrote that he received an anonymous note that an offense was in progress and therefore he took action to verify the report. Dkt. No. 13-1. He verified the contents of the notice with his own observations. Additionally, the hearing officer did not rely on evidence provided by a confidential informant. He wrote that his decision was based on Officer Edmond's report and Lt. White's statement. Thus it was unnecessary to establish or consider the credibility of an informant, and this argument is without merit.

Finally, the failure to produce the napkin note at the hearing is of no consequence. The note could have no bearing on the outcome of the proceeding. It is not exculpatory. And Mr. Sarver did not request that it be produced for the hearing. Mr. Sarver's arguments concerning the napkin note are without merit.

### 3. Summary

Mr. Sarver presents no argument and no evidence to demonstrate that the hearing officer's decision lacked evidentiary support or that the disciplinary proceeding denied him due process of law. His petition for a writ of habeas corpus is therefore **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Sarver to the relief he seeks. Accordingly, Calvin L. Sarver's petition for a writ of habeas corpus is **denied**. Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/22/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Calvin L. Sarver
943684
Plainfield Correctional Facility
Electronic Service Participant – Court Only

Electronically Registered Counsel